**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1439**

_____

ROMAN SZYJKA, Individually; ROMAN AND PAULA SZYJKA, As
Husband and Wife,

              Plaintiffs - Appellants,

        v.

PETER VANDERMEER, M.D.; ADVANCED RADIOLOGY, P.A.; BALTIMORE
WASHINGTON MEDICAL CENTER, INC.,

              Defendants - Appellees,

        and

MIB PARTNERSHIP, LLP,

              Defendant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:12-cv-02834-RDB)

_____

Submitted:  April 16, 2015          Decided:  April 28, 2015

_____

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

James O'C Gentry, Emily C. Malarkey, SALSBURY, CLEMENTS, BEKMAN,
MARDER & ADKINS, LLC, Baltimore, Maryland, for Appellants.
Andrew E. Vernick, Matthew J. Chalker, VERNICK & ASSOCIATES,

LLC, Annapolis, Maryland; John T. Sly, Nicole M. Deford, WARANCH & BROWN, LLC, Lutherville, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Roman Szyjka and Paula Szyjka brought this medical-malpractice action against Dr. Peter Vandermeer and others, alleging that Dr. Vandermeer improperly failed to identify an abnormality in Mr. Szyjka's brain. A jury trial resulted in a defense verdict. We affirm.

Appellants first challenge the district court's ruling that one of their experts, Dr. Joseph Landolfi, a neurologist and neuro-oncologist, could not testify regarding the standard of care for radiologists. The district court found that Dr. Landolfi's testimony was barred by Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02(c)(2)(ii) (2013), and lacked foundation. We review a district court's decision to exclude expert testimony for abuse of discretion. United States v. Garcia, 752 F.3d 382, 390 (4th Cir. 2014). "The proponent of the testimony must establish its admissibility by a preponderance of proof." Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001); see Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993) (noting that "[Fed. R. Evid.] 702 . . . assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand"). Our review of the joint appendix filed by the parties on appeal leaves us without doubt that the district court did not abuse its discretion in finding that the Szyjkas

3

failed to establish an adequate foundation for admitting Dr. Landolfi's testimony regarding the standard of care.[*]

Appellants also challenge the district court's instruction to the jury regarding its review of a doctor's conduct. See East v. United States, 745 F. Supp. 1142, 1149 (D. Md. 1990). "Although we review a district court's refusal to give a jury instruction for abuse of discretion, we conduct a de novo review of any claim that jury instructions incorrectly stated the law." United States v. Mouzone, 687 F.3d 207, 217 (4th Cir. 2012) (citations omitted). "So long as the charge is accurate on the law and does not confuse or mislead the jury, it is not erroneous." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1294 (4th Cir. 1995). "While the content of jury instructions in a diversity case is a matter of state law, the form of those instructions is governed by federal law." Id. at 1293. We conclude that, taking the jury instructions as a whole, the district court's nonpattern instruction was permissible as it correctly stated Maryland law and did not confuse or mislead the jury. See Hetrick v. Weimer, 508 A.2d 522, 529 (Md. Ct. Spec. App. 1986) (approving jury instruction stating that

---

[*] Because Dr. Landolfi's testimony regarding the standard of care lacked adequate foundation, we do not reach the question of whether Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02(c)(2)(ii) also bars this testimony. See Creekmore v. Maryview Hosp., 662 F.3d 686, 690 (4th Cir. 2011).

4

reasonableness of doctor's actions is determined based on "circumstances as they then existed at the time of the treatment . . . rather than [on] hindsight"), rev'd on other grounds, 525 A.2d 643 (Md. 1987).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED